UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEBRA DORSEY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 09-1085 (RMC) |
| JACOBSON HOLMAN, PLLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

ORDER

Defendants Jacobson Holman PLLC, The Jacobson Holman PLLC Profit-Sharing Plan, John C. Holman as Plan Administrator, and Simor Moskowitz individually, ask the Court to reconsider its June 18, 2010 minute entry order that granted Plaintiff Debra Dorsey's oral motion for leave to file a Third Amended Complaint. Defendant's Motion for Reconsideration [Dkt. # 33] is **GRANTED** and, upon reconsideration, the Court concludes that leave to file a Third Amended Complaint was improvidently granted. In light of the prejudice to Defendants and the lack of good cause for amending the complaint after discovery had concluded, leave to file the Third Amended Complaint is **DENIED**. The prior Minute Entry Order granting leave to file is hereby **VACATED**. *See* Minute Entry Order (6/18/10).

On June 9, 2009, Plaintiff filed the original complaint in this matter. Compl. [Dkt. # 1]. On July 1, 2009, before the original complaint was answered, Plaintiff filed a First Amended Complaint. First Am. Compl. [Dkt. # 2]. On December 22, 2009, after a try at early mediation, the Court ordered fact discovery to "be completed no later than April 30, 2010." Scheduling Order [Dkt. # 13] (12/22/09). The Court's scheduling order set January 7, 2010, as the

last date on which the pleadings could be amended and parties added. *Id*. This was clear and known to Plaintiff, who requested, on that date, a twenty-four hour extension because her computer server died and she could not file electronically on January 7. *See* Mot. for Ext. of Time to File Final Am. to Compl. [Dkt. # 15]. The motion for leave to file the Second Amended Complaint was actually filed on January 11, 2010. Mot. for Leave to File Second Am. Compl. [Dkt. # 16]. Defendants objected to Counts V and VI in the proposed Second Amended Complaint and, when Plaintiff filed no reply, the Court deemed the matters conceded and directed the filing of the Second Amended Complaint no later than April 30, 2010, excluding proposed Counts V and VI. *See* Minute Entry Order (4/23/10). No Second Amended Complaint was filed on April 30, 2010.

On May 13, 2010, nearly two weeks after missing its deadline, Plaintiff moved to file the Second Amended Complaint Out of Time. Mot. to File Second Am. Compl. Out of Time [Dkt. # 22]. On May 14, 2010, the Court, in open court, granted the motion. *See* Minute Entry Order (5/14/10). On May 14, 2010, the Second Amended Complaint was apparently filed with the Clerk of Court by hand, despite the Court's rules on using the electronic docketing system; it was not, however, entered on the CM/ECF electronic docket until June 22, 2010. On June 14, 2010, presumably not knowing that Plaintiff had hand-filed the Second Amended Complaint, Defendants filed, per the Court's Scheduling Order, [Dkt. # 13], a motion for summary judgment directed at the First Amended Complaint, and a notice of offer of judgment by all Defendants. *See* Mot. for Summ. J. [Dkt # 25]; Notice of Offer of Judgments by all Defendants [Dkt. # 26].

Shortly beforehand, on June 7, 2010, Plaintiff filed a motion for leave to file a Third Amended Complaint. Mot. for Leave to File Third Am. Compl. [Dkt. # 24]. On June 18, 2010, the Court conditionally granted that motion, directed the parties to notify the Court if more discovery

would be required, and directed the Defendants to notify the Court if they intend to amend or supplement their outstanding motion for summary judgment. Minute Entry Order (6/18/10). Defendants timely indicated that additional discovery would be required and that they planned on amending their motion for summary judgment. *See* Notice Regarding Addt'l Discovery and Intention to Supplement its Mot. for Summ. J. [Dkt. # 29]. On August 13, 2010, Defendants filed their motion for reconsideration of the decision granting leave to file a Third Amended Complaint.

Plaintiff filed the proposed Third Amended Complaint after the close of discovery and after Defendants had materially completed work on their motion for summary judgment. It is now obvious that it would be an enormous hardship to make Defendants re-open discovery and prepare a new motion. The Third Amended Complaint suddenly includes a claim for wrongful termination based on facts known to Plaintiff at the time of her termination: (1) Plaintiff requested 401(k) Plan documents, Third Amended Complaint ¶ 61; (2) in response, Simor Moskowitz[1] required her to sign a letter of resignation, *id.* ¶ 62; and (3) Plaintiff had no intention of resigning, *id.* ¶ 63. From these facts, Plaintiff alleges that her forced resignation violated public policy, *id.* ¶ 65, and the Plan's fiduciary duties. *Id.* ¶ 66. Plaintiff asserts that the amendments flow from things learned in discovery in 2010. While the legal conclusions in proposed Count V might well not have been known to Plaintiff, she undeniably knew all the facts on which the legal conclusions are based *prior to her separation from employment*. Plaintiff's failure to assert this claim on a timely basis dooms it. As succinctly stated by Judge Robertson, "Leave to amend is to be granted 'freely . . . when justice so requires,' to be sure, *Foman v. Davis*, 381 U.S. 178, 182 (1962), but in this case justice does not so require." *Maduforo v. Urban Service Systems Corp.*, Civ. No. 09-0287, 2009 WL

---

[1] Plaintiff gives no reason for suing Mr. Moskowitz in his individual capacity.

2378743, *1 (D.D.C. July 31, 2009).

"The key issue in considering a motion to amend is whether the non-movant will suffer any prejudice from the amendment." *Clark v. Feder Semo & Bard, P.C*, 560 F. Supp. 2d 1, 3 (D.D.C. 2008) (citation omitted); *see also Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006) (describing prejudice to the opposing party as the "most important factor the Court must consider when deciding whether to grant a motion for leave to amend").  The Third Amended Complaint would prejudice Defendants by causing discovery to be re-opened due to the new allegation of wrongful discharge, thereby destroying the bases for the pending motion for summary judgment. Plaintiff has been given multiple opportunities to state her case; June 18, 2010, months after discovery closed and in the face of a motion for summary judgment, is much too late to add completely new counts, allegations, and defendants.

The Second Amended Complaint controls resolution of this case. As noted above, Defendants filed a motion for summary judgment directed at the *First* Amended Complaint. *See* Mot. for Summ. J. [Dkt # 25]. The Court has compared the First and Second Amended Complaints and it appears that the Second Amended Complaint, [Dkt. # 28], has only added more facts. The requests for relief are identical. Factual information was added in ¶¶ 13, 14, 17, 54 and 55. Even the second introductory paragraph, which newly states that Plaintiff is entitled to "(5) damages related to employer's interference with Plaintiff's rights . . . in violation" of Family Medical Leave Act, 29 U.S.C. §2611(2)(a), *see* Second Am. Compl. at 2, was not really a new claim inasmuch as Count IV, ¶ 54 remains unchanged:

> When Plaintiff took leave for her surgery in September 2007, Jacobson Holman did not provide Plaintiff with the requisite individualized notice that her leave for the surgery and associated recovery would be considered

>leave under FMLA or DCFMLA,[2] effectively interfering with Plaintiff's rights under both statutes.

Second Am. Compl. [Dkt. # 28] ¶ 54.  As such, the Motion for Summary Judgment targeting the First Amended Complaint appears to target the Second Amended Complaint with equal force.

The motion for summary judgment has been fully briefed and awaits decision.  No Answer to the Second Amended Complaint was ever filed.  Defendants are ordered to file their Answer no later than October 9, 2010.  Again, it appears to the Court that the current briefs for the motion for summary judgment fully cover the allegations in the Second Amended Complaint.  The parties shall advise, by joint report filed no later than October 5, 2010 whether they agree or wish to supplement the briefs in any way.

**SO ORDERED**.


Date:   September 14, 2010                          /s/
ROSEMARY M. COLLYER
United States District Judge

---

[2]  The District of Columbia Family and Medical Leave Act, D.C. Code §32-501 *et seq*.