## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBRA DORSEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) Civil Action No. 1:09-CV-01085 |
| **JACOBSON HOLMAN, PLLC, et al.,** | ) Judge Rosemary M. Collyer |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| _____ | ) |

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT JACOBSON HOLMAN, PLLC.
### TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Jacobson Holman, PLLC ("Jacobson Holman"), through its counsel, The Seltzer Law Firm, hereby answers the factual allegations of Plaintiff Debra Dorsey's ("Dorsey") Second Amended Complaint and asserts its affirmative defenses pursuant to Fed. R. Civ. P. 8 and 12.

Jacobson Holman responds to the Second Amended Complaint (hereinafter the "Complaint") as follows.

The unnumbered allegations contained on page 1 and 2 of the Complaint constitute conclusions of law to which no responsive pleading is required. Further responding, Jacobson Holman denies that there exists a Jacobson Holman, PLLC Health Plan and/or Health Benefit Plan and demands strict proof of same.

1.     The first sentence of Paragraph 1 constitutes a conclusion of law to which no responsive pleading is required. Jacobson Holman admits that 29 U.S.C. §1132(e)(1) sets

forth the circumstances under which this court has jurisdiction.

2.      Jacobson Holman states that it is without knowledge or basis to admit or deny the allegations contained in Paragraph 2 and therefore denies all such allegations and demands strict proof of same.

3.      Jacobson Holman states that it is without knowledge or basis to admit or deny the allegations contained in Paragraph 3 with respect to Plaintiff's residence and therefore denies all such allegations and demands strict proof of same.  Jacobson Holman denies that Plaintiff was an Employee of Jacobson Holman at all times relevant to this proceeding and demands strict proof of same.

4.      Jacobson Holman admits the allegations of Paragraph 4.

5.      Jacobson Holman states that it is without knowledge or basis to admit or deny the allegations contained in Paragraph 5 and therefore denies all such allegations and demands strict proof of same.

6.      Jacobson Holman denies the allegations contained in Paragraph 6 and demands strict proof of same.

7.      Jacobson Holman admits that John C. Holman is the Plan Administrator for the Jacobson Holman, PLLC Profit Sharing Plan.  Further responding, Jacobson Holman denies that there exists a Jacobson Holman, PLLC Health Plan and/or Health Benefit Plan and denies the remaining allegations contained in Paragraph 7 and demands strict proof of same.

8.      Jacobson Holman denies the allegations of Paragraph 8 and demands strict proof of same.

9.      Jacobson Holman admits that it is not responsible for claim administration and/or

paying benefits for the 401(k) Plan.  Further responding, Jacobson Holman states that it is without knowledge or basis to admit or deny the remaining allegations contained in Paragraph 9 and therefore denies all such allegations and demands strict proof of same.

10.     Jacobson Holman admits that it is not responsible for claim administration and/or paying benefits for the Profit Sharing Plan.  Further responding, Jacobson Holman states that it is without knowledge or basis to admit or deny the remaining allegations contained in Paragraph 10 and therefore denies all such allegations and demands strict proof of same.

11.     Jacobson Holman admits that it provides health insurance to its employees through M.D. IPA, a MAMSI/United Healthcare company, and denies the remaining allegations contained in Paragraph 11 and demands strict proof of same.

12.     Jacobson Holman admits that Plaintiff has not worked for Jacobson Holman since September 17, 2007.  Jacobson Holman states that it is without knowledge or basis to admit or deny the remaining allegations contained in Paragraph 12 and therefore denies all such allegations and demands strict proof of same.

13.     Jacobson Holman states that it is without knowledge or basis to admit or deny the allegations contained in Paragraph 13 and therefore denies all such allegations and demands strict proof of same.

14.     Jacobson Holman admits that Plaintiff is receiving workers' compensation benefits and disability insurance benefits.   Jacobson Holman states that it is without knowledge or basis to admit or deny the allegations contained in Paragraph 14 and therefore denies all such allegations and demands strict proof of same.

15.     Jacobson Holman denies that it did not notify Plaintiff that her leave under

worker's compensation would be treated as leave under either the Family and Medical Leave Act ("FMLA") or the District of Columbia Family and Medical Leave Act ("DCFMLA"), but admits that this notification did not occur in September 2007. Jacobson Holman states that it is without knowledge or basis to admit or deny the remaining allegations contained in Paragraph 15 and therefore denies all such allegations and demands strict proof of same.

16.     Jacobson Holman admits the allegations of Paragraph 16.

17.     Jacobson Holman states that it is without knowledge or basis to admit or deny the allegations contained in Paragraph 17 and therefore denies all such allegations and demands strict proof of same.

18.     Jacobson Holman states that it is without knowledge or basis to admit or deny the allegations contained in Paragraph 18 and therefore denies all such allegations and demands strict proof of same, except that Jacobson Holman denies that Plaintiff's termination date was September 16, 2008.

19.     Jacobson Holman admits the allegations of Paragraph 19.

20.     Jacobson Holman denies the allegations of Paragraph 20 and demands strict proof of same.

21.     Jacobson Holman denies the allegations of Paragraph 21 and demands strict proof of same.

22.     Jacobson Holman denies the allegations of Paragraph 22 and demands strict proof of same.

23.     Jacobson Holman incorporates its responses to Paragraphs 1 through 22 as if set forth herein in full.

24.     Jacobson Holman denies the allegations contained in Paragraph 24 and demands strict proof of same.

25.     Jacobson Holman admits the allegations of Paragraph 25.

26.     Jacobson Holman admits the allegations of Paragraph 26.

27.     Jacobson Holman admits that under the terms of the Profit-Sharing Plan, to receive profit-sharing contributions, a participant must complete 1000 hours of service during the Plan Year and be employed on the last day of the Plan Year.  Jacobson Holman denies the remaining allegations of Paragraph 27 and demands strict proof of same.

28.     Jacobson Holman admits that Plaintiff has not worked for Jacobson Holman since September 17, 2007 and had completed 1000 hours of service during Plan Year 2007. Jacobson Holman denies the remaining allegations of Paragraph 28 and demands strict proof of same.

29.     Jacobson Holman admits that it did not remit profit-sharing contributions to the Profit-Sharing Plan on behalf of Plaintiff in 2007.  Jacobson Holman denies that it was required by the terms of the Profit-Sharing Plan to remit profit-sharing contributions to the Profit-Sharing Plan on behalf of Plaintiff in 2007 as alleged in Paragraph 29 and demands strict proof of same.

30.     Jacobson Holman denies the allegations of Paragraph 30 and demands strict proof of same.

31.     Jacobson Holman states that it is without knowledge or basis to admit or deny the allegations contained in Paragraph 31 and therefore denies all such allegations and demands strict proof of same.

32.     through 42. **Count II, contained in Paragraphs 32 through 42, was already dismissed by this Court by Order dated April 27, 2010 (Docket #20). Therefore, Plan Administrator files its Answer as though Paragraphs 32 through 42 had not been included in the Second Amended Complaint.**

43.     Jacobson Holman incorporates its responses to Paragraphs 1 through 42 as if set forth herein in full.

44.     Jacobson Holman admits the allegations of Paragraph 44.

45.     Jacobson Holman admits the allegations of Paragraph 45.

46.     Paragraph 46 constitutes a conclusion of law to which no responsive pleading is required.

47.     Jacobson Holman denies the allegations of Paragraph 47 and demands strict proof of same.

48.     Jacobson Holman denies the allegations of Paragraph 48 and demands strict proof of same.

49.     Jacobson Holman denies the allegations of Paragraph 49 and demands strict proof of same.

50.     Jacobson Holman denies the allegations of Paragraph 50 and demands strict proof of same.

51.     Jacobson Holman incorporates its responses to Paragraphs 1 through 50 as if set forth herein in full.

52.     Paragraph 52 constitutes a conclusion of law to which no responsive pleading is

required.

53.     Jacobson Holman states that it is without knowledge or basis to admit or deny the allegations contained in Paragraph 53 and therefore denies all such allegations and demands strict proof of same.

54.     Jacobson Holman admits that it did not, in September 2007, notify Plaintiff that her leave for the surgery and associated recovery would be treated as leave under either the FMLA or the DCFMLA.  Jacobson Holman denies the remaining allegations contained in Paragraph 54 and demands strict proof of same.

55.     Paragraph 55 constitutes a conclusion of law to which no responsive pleading is required.

56.     Jacobson Holman denies the allegations of Paragraph 56 and demands strict proof of same.

57.     Jacobson Holman denies the allegations of Paragraph 57 and demands strict proof of same.

58.     through 67. **Counts V and VI, contained in Paragraphs 58 through 67, were already dismissed, and this Court ordered that Plaintiff file her Second Amended Complaint without Counts V and VI:**

> **MINUTE ORDER granting in part and denying in part [16] Plaintiff's Motion for Leave to File a second amended complaint. Defendants object only to the proposed new Counts V and VI, asserting that such amendments would be futile because Plaintiff failed to exhaust her administrative remedies as to Count V and is beyond the statute of limitations as to Count VI. Plaintiff filed no reply, and the Court deems the matter conceded. See FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (court may treat arguments that plaintiff failed to address as conceded under LCvR 7.1(b)). Plaintiff shall file the Second Amended Complaint without**

**Counts V and VI no later than April 30, 2010. Signed by Judge Rosemary M. Collyer on 4/23/10. (KD)**

Therefore, JH Profit Sharing Plan files its Answer as though Paragraphs 58 through 67 had not been included in the Second Amended Complaint.

68.     Plaintiff's prayer for judgment and relief does not require a response.  To the extent a response is required, Jacobson Holman denies the allegations in Plaintiff's prayer for relief, denies that Plaintiff is lawfully entitled to any relief as a matter of fact or law, and denies that Plaintiff can recover the damages she seeks and demands strict proof of same.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted, and hence it should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Jacobson Holman denies that it is liable to Plaintiff in any way or for any reason.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages.

## FOURTH AFFIRMATIVE DEFENSE

Jacobson Holman was not the cause of any damages Plaintiff may have suffered.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damage claims are barred due to her failure to mitigate.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has waived any claims she may have had against Jacobson Holman.

## ELEVENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over some or all of the claims alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred because Jacobson Holman did not act with actual malice relative to her.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Jacobson Holman reserves the right to assert additional affirmative defenses or other defenses as Plaintiff's claims are clarified during the course of the litigation.

WHEREFORE, Defendant Jacobson Holman, PLLC respectfully prays that the court

dismiss the Second Amended Complaint with prejudice, enter judgment in Defendant Jacobson Holman, PLLC's favor, and award to Defendant Jacobson Holman, PLLC its attorneys' fees, costs and expenses incurred in defense hereof; and award any and all other relief to which Jacobson Holman may be entitled.

Respectfully submitted,

**THE SELTZER LAW FIRM**

s/ DIANE A. SELTZER
Diane A. Seltzer, Esquire
D.C. Bar No. 434571
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015
(202) 355-9385
dseltzer@seltzerlawfirm.com

DATE:  September 27, 2010     Attorneys for Defendants Jacobson Holman, PLLC; Jacobson Holman, PLLC Profit Sharing Plan; and John C. Holman, Plan Administrator for the Jacobson Holman, PLLC Profit Sharing Plan.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of September, 2010, I caused to be served on counsel for Plaintiff, by electronic filing, a copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, addressed as follows:

Denise M. Clark, Esquire
The Law Office of Denise M. Clark
1250 Connecticut Avenue, N.W.
Suite 200
Washington, DC  20036
Counsel for Plaintiff

s/ DIANE A. SELTZER
Diane A. Seltzer

10