UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DEBRA DORSEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1085 (RMC) |
| | ) | |
| **JACOBSON HOLMAN, PLLC,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Briefing on Defendants' motion for summary judgment has been complicated by Plaintiff's filing of a Second and then a Third Amended Complaint. By Order dated September 14, 2010, the Court granted Defendants' motion for reconsideration of its June 18, 2010 Minute Entry Order granting leave to Plaintiff to file a Third Amended Complaint, thus vacating the Minute Entry Order and leaving the Second Amended Complaint as the active complaint. The Court then directed the parties to advise it of the status of briefing on the motion for summary judgment, *i.e.*, whether briefs needed to be revised in light of the allegations of the Second Amended Complaint, which was entered on the docket after Defendants had submitted their motion for summary judgment. On October 5, 2010, the parties filed a joint status report indicating that neither side needed to modify briefs already filed, that Defendant needed two weeks to file its reply, and that the parties disagree as to which counts are still in dispute. Specifically, they dispute whether Count II is in the case or dismissed.

Count II of the Second Amended Complaint alleges that Defendants denied COBRA[1] benefits to the Plaintiff because it did not recognize her right to a subsidy of her COBRA premiums under the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, 123 Stat. 115 (2009), popularly known as the Stimulus Act. Section 3001 of ARRA, 123 Stat. at 455-466, provides for a 65% reduction in the premium otherwise payable by an Assistance Eligible Individual who is involuntarily terminated from employment and who elects continuation of insurance coverage through COBRA. By Memorandum Opinion and Order dated April 27, 2010, the Court dismissed Count II from the First Amended Complaint because Ms. Dorsey had not exhausted her administrative remedies at the U.S. Department of Labor. *See* Memorandum Opinion and Order [Dkt. ## 20, 21]. The Second Amended Complaint was filed on May 15, 2010. It contains the same Count II, with no reference to exhaustion of administrative remedies at DOL. It remains just as infirm as it was under the First Amended Complaint. The Court has already dismissed this Count and the parties do not need to brief it again.

Defendant will have two weeks, until October 22, 2010, to file its reply brief on summary judgment.

**SO ORDERED**.

Date: October 8, 2010

                                                                    /s/
                                      ROSEMARY M. COLLYER
                                      United States District Judge

---

[1] Part 6 of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1161-1166, and parallel provisions of the Internal Revenue Code, 26 U.S.C. § 4980B, were enacted as part of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Under these provisions, a group health plan must provide each qualified beneficiary who would lose health insurance coverage as a result of a "qualifying event," such as termination, the option of continuing such coverage for eighteen months by paying for it individually.