UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEBRA DORSEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:09-CV-01085 |
| | ) | Judge Rosemary M. Collyer |
| v. | ) | |
| | ) | |
| JACOBSON HOLMAN, PLLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO COUNTS I, III, AND IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND SECOND AMENDED COMPLAINT**

Defendants Jacobson Holman PLLC ("JH Firm"), The Jacobson Holman PLLC Profit-Sharing Plan, and John C. Holman as Plan Administrator (collectively referred to as "JH" or "JH Defendants"), through their undersigned counsel, The Seltzer Law Firm, respectfully file their Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment against Plaintiff Deborah Dorsey ("Dorsey") as to Counts I, III and IV of Plaintiff's First Amended Complaint and Second Amended Complaint.

Tellingly, Plaintiff has essentially agreed with seven of Defendants' eight material facts not in dispute. The only fact with which she disagrees is Statement 8, "JH Firm did not terminate Plaintiff's employment." (Pl.'s Opp. at 3). As discussed in more detail *supra*, this material fact is relevant only to Count IV of Plaintiff's First Amended Complaint and Second Amended Complaint. And, even if this Court determines that JH Firm did, in fact, terminate Plaintiff's employment, Plaintiff remains unable to prove the other critical elements of the claim contained in Count IV, so summary judgment in favor of Defendants remains warranted. Indeed,

Plaintiff has failed to present any evidence that would preclude the entry of summary judgment on each of the remaining counts of her First or Second Amended Complaint.

## I. ARGUMENT

### A. There Is No Genuine Issue of Material Fact That Plaintiff Is Not Entitled to 2007 Profit-Sharing Contributions.

In Count I of her Complaint, Plaintiff Dorsey claims that she is entitled to profit-sharing contributions for 2007. Plaintiff's claim is governed by the Jacobson Holman PLLC Profit Sharing Plan ("Profit Sharing Plan"), Section III(B)(1) of which states:

> You must complete at least 1,000 hours of service during the Plan Year and be employed as of the last day of the Plan Year to be eligible to receive any profit sharing contributions that may be made for that Plan Year.

(Exhibit B).[1]

Section 1.12 of the Profit Sharing Plan, entitled, "Exceptions to Continuing Eligibility Requirements," contains a check-off box **option** to provide benefits to "Active Participants who do not meet any last day or Hours of Service requirement under Subsection 1.10(d) or 1.11(c) because they become disabled, as defined in Section 1.14. . ." This check-off box, however, was **not checked**; clearly, the Plan specifically excluded and declined the option of making a non-elective employer contribution for a disabled employee. (Exhibit C).

There is no dispute – indeed, Plaintiff has asserted in each version of her Complaint -- that Plaintiff's status on the last day of the Plan Year (December 31, 2007) was "disabled." (*See* Second Amended Complaint at Paragraph 14: "Since September, 2007, Plaintiff is receiving worker's compensation income, and disability insurance income, since June 2008 retroactive to

---

[1] There is no dispute that Plaintiff completed at least 1,000 hours of service during the Plan Year 2007.

December 16, 2007."; Paragraph 17: "In June 2008, Plaintiff was determined to be disabled effective December 16, 2007 by Defendant Jacobson Holman's disability insurer UNUM."; Paragraph 28: "During the Plan Year of 2007 Plaintiff became disabled after completing 1000 hours of service.")[2] By Plaintiff's own acknowledgement, the last day on which she performed work for JH Firm was September 16, 2007, and she then went on worker's compensation leave and never returned to work. (Deb Dorsey Dep. at 8-9). Unum, the JH Firm's long term *disability* ("LTD") insurance carrier, deemed her disabled as of that date, and she began to receive LTD benefits on December 17, 2007, i.e., at the expiration of the 90 day waiting period that began on September 17, 2007. (Deb Dorsey Dep. at 11-12).

Under these facts, because Plaintiff was disabled as of the last day of the 2007 Plan Year, it is impossible for her to claim that she was entitled to a profit-sharing contribution. Her disabled status made her ineligible, under the Profit Sharing Plan's unambiguous terms of eligibility.

In her Opposition, Plaintiff urges this Court to "enforce the plan language of the summary Plan Agreement without regard to the Adoption Agreement, and let the facts and circumstances determine whether the Plaintiff was an employee at the end of the Plan Year."[3] (Pl.'s Opp. at 12). Defendants are not, as asserted by Plaintiff, attempting to "bootstrap the Adoption Agreement to the Summary Plan Description in order to reach the conclusion that Plaintiff's disability prevented her from being eligible for benefits." (Pl.'s Opp. at 12) <u>This document actually is part of the Profit Sharing Plan</u>. Defendants submit that Plaintiff cannot

---

[2] Plaintiff made identical, or near-identical, allegations in paragraphs 14, 17 and 28 of her First Amended Complaint.

[3] Indeed, Plaintiff does not even identify what the "Adoption Agreement" is or what it says; but Defendants infer that Plaintiff is referring to Section 1.12 of the Profit Sharing Plan, entitled, "Exceptions to Continuing Eligibility Requirements."

choose to ignore a binding legal document, i.e., the Adoption Agreement, simply because the document is fatal to Plaintiff's claim that she was entitled to profit-sharing contributions for 2007.

Further, this Court cannot ignore that Plaintiff, by her own admission, was disabled as of the last day of 2007, and thus was not eligible to receive profit sharing contributions. There is no dispute that Plaintiff Dorsey last worked for JH Firm on September 16, 2007, was formally declared disabled as of December 16, 2007, and has never returned to work. Thus, she is not eligible to receive any profit sharing contributions for the 2007 Plan Year. As Plaintiff Dorsey did not meet both of the Profit Sharing Plan's two eligibility requirements -- and as there exists no exception for employees who become disabled and thus cannot meet one of those two requirements -- Plaintiff is not entitled to a profit sharing contribution for 2007. The Court should enter summary judgment in favor of Defendants on Plaintiff's Count I profit sharing claim.

### B. There Is No Genuine Issue of Material Fact That Plaintiff Is Not Entitled to a 2007 Bonus.

In her Opposition, Plaintiff has failed to set forth any admissible evidence or facts that demonstrate that she was entitled to any bonus at all for 2007, much less the $1500.00 bonus she claims in Count III. Neither did she contradict any of the statements set forth in Defendants' Motion for Summary Judgment arguing why Plaintiff was *not* entitled to a 2007 bonus.

Plaintiff also has ignored Defendants' argument that *discretionary* bonuses are not guaranteed compensation and do not fall under the definition of "wages" under the D.C. Payment and Collection of Wages law, D.C. Code §32-1301, *et seq.*, ("Wage Law"), which she claims governs this matter. As Defendants pointed out in their Motion for Summary Judgment, the Wage Law specifically defines "wages" as "monetary compensation after lawful deductions, owed by an

4

employer for labor or services rendered, whether the amount is determined on a time, task, piece, commission, or other basis of calculation." D.C. Code §32-1301(3). Discretionary bonuses, such as the one at issue here, are outside the scope of this statute.

Plaintiff has also failed to present any facts that demonstrate there was a *mandatory* bonus program, much less a formula or metric for determining the amount of any bonus to which she may be entitled. She admitted that whether to give a bonus, and the amount of any bonus, was at the discretion of the attorney for whom the staff member worked, and was then subject to the approval of the partnership. While "Plaintiff certainly believes that the bonus was linked to her year-end evaluation and the declaration of a bonus by the Firm" (Pl.'s Opp. at 17), Plaintiff's *beliefs,* without more, are not sufficient to meet her burden of providing *evidence* that would allow a reasonable jury to find for her on her claim[4]. Conclusory allegations by the nonmoving party are insufficient to establish a genuine issue of material fact or to defeat the entry of summary judgment. *Moseley v. Second New St. Paul Baptist Church*, 534 A.2d. 346, 349 (D.C. 1987). Thus, there is no genuine issue of material fact, and this Court should grant Defendants' Motion for Summary Judgment on Plaintiff's Count III bonus claim.

### C. There Is No Genuine Issue of Material Fact That Plaintiff Is Not Entitled to Vacation Pay.

With respect to Plaintiff's Count III claim for accrued but unused vacation pay, as stated in Defendants' original Motion, Defendants have already paid that full amount to Plaintiff. (Exhibit A; Deb Dorsey Dep. at 53). Further, Defendants made an Offer of Judgment with

---

[4] Plaintiff states that a discretionary bonus constitutes "wages" when it is a "promise" by the employer to pay same. Yet, Plaintiff fails to cite a single document or even oral communication constituting or comprising such a "promise" by Defendant JH Firm of a year end, merit-based bonus. *See Raskauskas v. Temple Realty Co.*, 589 A.2d 17, 25 (D.C. 1991) (requiring the adverse party to present evidence, via affidavit or otherwise, "to demonstrate the existence of a genuine issue for trial.").

respect to the claim for liquidated damages in the equivalent amount. Plaintiff failed to accept that Offer of Judgment. She could have accepted the liquidated damages and pursued her claim for attorneys' fees separately; she chose not to do that. To the extent that the base amount has been paid out and liquidated damages in an equal amount were offered yet rejected, there is no genuine issue of material fact, and summary judgment should be entered in favor of Defendants on Plaintiff's Count III vacation pay claim.

### D. There Is No Genuine Issue of Material Fact That Plaintiff Was Not Wrongfully Terminated.

In Count IV, Plaintiff confusingly captions her claim as "Interference and Retaliation in violation of FMLA and DCFMLA", yet she references being wrongfully terminated in retaliation for filing a workers' compensation claim. (See Paragraph 57 of Second Amended Complaint). Of course, by Minute Order dated April 23, 2010, this Court prohibited Plaintiff from including Count V for retaliation in violation of the D.C. Workers' Compensation Act, so it is Defendants' position that this Court has already ruled on that claim.

To the extent that Count IV is confusing with respect to the precise basis for the retaliation to which Plaintiff claims she was subjected, and to the extent that Count IV is duplicative of the disallowed Count V, Defendants briefed the issue in their Motion for Summary Judgment to cover both potential bases for Plaintiff's claim.

#### 1. Wrongful Termination in Violation of the FMLA/DCFMLA.

Despite Plaintiff's confusing argument in her Opposition about interference and retaliation claims under those statutes, the fact remains that Plaintiff has failed to provide admissible evidence demonstrating how Defendants allegedly interfered with, or retaliated against her for, her *exercise of rights* she may have had under those statutes.

6

As a threshold issue, Plaintiff has failed to demonstrate that any of the Defendants are covered by these statutes, i.e., that they have the minimum number of employees required for them to be legally considered an employer required to comply with either the FMLA (fifty (50) employees) and/or the DCFMLA (twenty (20) employees). Having failed to provide admissible evidence that any of the Defendants fall within the ambit of the FMLA and/or the DCFMLA, Plaintiff's claim must fail.

There are additional reasons why this Court should grant Defendants summary judgment motion as to Count IV of Plaintiff's Second Amended Complaint.

First, she has ignored all of Defendants' case law confirming that there is no common law cause of action when the statute provides a remedy, as the FMLA and DCFMLA do here, and she has failed to explain why she did not file a claim of retaliation under either the FMLA or DCFMLA statutory schemes.

Second, Plaintiff ADMITTED, repeatedly, that she did not exercise or attempt to exercise rights under the FMLA or under the DCFMLA. (Pl.'s Opp. at 7). Thus, it is impossible for her to claim that Defendants interfered with, or retaliated against her for, the exercise or attempt to exercise any rights she may have had.

Third, Plaintiff has failed to present any evidence that JH Firm terminated her employment; she voluntarily resigned. However, even if this Court determines that Defendants terminated Plaintiff's employment, she has failed to provide any evidence that she engaged in protected activity, much less that the temporal proximity between the non-existent protected activity and the non-existent termination was legally meaningful.

Fourth, Plaintiff admitted that she was unable to return to work after the twelve (12) week leave period permitted under the FMLA, or under the sixteen (16) week leave period under the

DCMLA.  In their Motion for Summary Judgment, Defendants made extensive references to Plaintiff's deposition testimony and to documentary evidence concerning her complete inability to work from September 17, 2007 to this day; her successful application for, and continuous, ongoing receipt of, LTD, workers' compensation, and SSDI benefits due to total disability; the extensive list of medications that she takes throughout the day to manage her pain and her medical conditions, and the side effects of those many medications; and the extensive restrictions that continue to this day on her daily activities.  (Defs. Mot. at 18-21).

Under *Ragsdale v. Wolverine*, 535 U.S. 81 (2002), even if JH Firm had notified Plaintiff of her FMLA/DCFMLA rights, and/or had designated her leave as FMLA/DCFMLA leave prior to her taking such leave, and/or had terminated her; <u>or</u> even if Plaintiff had exercised her rights under those statutes, <u>there</u> <u>is</u> <u>no</u> <u>liability</u>, because Plaintiff has admitted that she was not able to return to work after the expiration of what would have been the FMLA/DCFMLA leave period. What is Plaintiff's response to this point? "Plaintiff will not address it head-on."  (Pl.'s Opp. at 15).   In other words, Plaintiff has conceded this issue.  In this law suit, when Plaintiff has failed to address an argument, this Court has deemed the argument as conceded.  *See* Minute Order dated April 23, 2010, permitting Plaintiff to file the Second Amended Complaint without Counts V and VI, because Plaintiff did not offer counter-argument to Defendants' arguments opposing inclusion of Counts V and VI; *FDIC v. Bender,* 127 F.3d 58, 67-68 (D.C. Cir. 1997) (allowing Court to treat arguments that plaintiff has failed to address as conceded under LCvR 7.1(b)). Indeed, Plaintiff did not address this point because she had no legally supportable argument for doing so.  Thus, this claim must fail, because Plaintiff has failed to address binding United States Supreme Court authority on this issue that completely bars her claim.

### 2. Wrongful Termination in Retaliation for Filing Worker's Compensation Claim

#### a. The D.C. Workers' Compensation Act Provides Statutory Remedies to Which Plaintiff Has Not Availed Herself.

In her Opposition, Plaintiff failed to address Defendants' argument that the D.C. workers' compensation statute provides Plaintiff's exclusive remedy and, under *Nolting v. National Capital Group,* 621 A.2d 1387 (D.C.1993), it precludes Plaintiff's claim of wrongful discharge in violation of public policy. In addition, Plaintiff failed to oppose Defendants' argument that she cannot prove the elements of wrongful discharge in retaliation for filing a workers' compensation claim under D.C. Code § 32-1542. This Court should deem Plaintiff to have conceded this point and must grant Defendants' Motion for Summary Judgment. *See FDIC v. Bender,* 127 F.3d 58, 67-68 (D.C. Cir. 1997).

## IV. CONCLUSION

Simply put, Defendants are entitled to summary judgment on Counts I, III and IV of the First Amended Complaint and of the Second Amended Complaint. Accordingly, Defendants respectfully request that this Honorable Court grant their Motion for Summary Judgment, and enter judgment in their favor and against Plaintiff Dorsey.

Respectfully submitted,

**THE SELTZER LAW FIRM**

s/DIANE A. SELTZER
Diane A. Seltzer, Esquire
Bar No. 434571
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015
(202) 355-9385
dseltzer@seltzerlawfirm.com

DATE: October 22, 2010          Attorneys for Defendants Jacobson Holman, PLLC; Jacobson Holman, PLLC Profit Sharing Plan; and John C. Holman, Plan Administrator for the Jacobson Holman, PLLC Profit Sharing Plan.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of October, 2010, I caused to be served on counsel for Plaintiff, via electronic mail, a copy of the foregoing Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, addressed as follows:

Denise M. Clark, Esquire
The Law Office of Denise M. Clark
1250 Connecticut Avenue, N.W.
Suite 200
Washington, DC  20036
Counsel for Plaintiff

s/ DIANE A. SELTZER