UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBRA DORSEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:09-CV-01085 |
| ) | Judge Rosemary M. Collyer |
| v. ) | |
| ) | |
| JACOBSON HOLMAN, PLLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' JOINT RESPONSE TO MARCH 26, 2011 ORDER TO SHOW CAUSE

Defendants Jacobson Holman PLLC ("Jacobson Holman"), The Jacobson Holman PLLC Profit-Sharing Plan, and John C. Holman as Plan Administrator, hereby file their Response to this Court's March 26, 2011 Order to Show Cause. In that Order, the Court directed the parties to show cause why the Court should not issue a final order in this case consistent with its December 21, 2010 Memorandum Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment.

In the December 21, 2010 Order, the Court ruled as follows:

The Court will grant summary judgment to Defendants and against Plaintiff on Count IV of the Second Amended Complaint on her claim of violations of FMLA/DCFMLA for termination of her position and interference with her rights under those statutes, as well as on the claim of a violation of the D.C. Wage Payment Act for not providing Plaintiff with a discretionary year-end bonus within Count III of the Second Amended Complaint. **Summary judgment will be denied on all other claims.**

(Document 43, p. 13; emphasis added).

The Court further clarified:

Accordingly, **the claims that remain** are: (1) the claim of failure to make contribution to the Profit Sharing Plan within Count I of the Second Amended Complaint; and (2) the claim of unpaid leave within Count III of the Second Amended Complaint.

(Document 43, p. 13, fn. 6; emphasis added).

Plaintiff states in her Response to Show Cause Order that the Court "determined that the Defendant **was liable** under ERISA for failing to make contributions on behalf of Plaintiff to the Profit Sharing Plan for her participation in the plan in 2007; and, **was liable** for failing to timely remit accrued vacation pay under the District of Columbia Wage Payment and Collection Act." (Plaintiff's Response at p. 1; emphasis added). In reality, however, the Court **expressly denied** Defendant's Motion for Summary Judgment on these claims. Plaintiff did not cross-move for summary judgment. The Court did not determine that Defendant "was liable" to Plaintiff on those claims.

The law is clear that the denial of a motion for summary judgment typically is not a final order. *See, e.g., Public Citizen v. U.S. Dist. Court for D.C.*, 486 F.3d 1342, 1345 (D.C. Cir. 2007); *Chaplaincy of Full Gospel Churches v. England,* 454 F.3d 290, 296 (D.C. Cir. 2006). The remaining claims need to be adjudicated before the Court can enter a final judgment on them. Of course, because there is no final order, the denial of summary judgment is ordinarily not appealable. *Id.* For that reason alone, this Court should not, and cannot, issue a final order consistent with its December 21, 2010 Memorandum Opinion and Order.

Even assuming, *arguendo*, that the Court had made a final ruling on liability with respect to Count I and Count III, the issue of damages remains open. Unless Plaintiff will stipulate the profit sharing damages are the amount of the profit sharing contribution and no more, then damages on that claim remains an open issue.

On the issue of accrued vacation leave, the Court stated in its December 21, 2010 Order, "It is *premature* to consider attorney fees and costs." (Document 43, p. 9; emphasis added). Clearly, this issue is outstanding, as well. On this point, Plaintiff never raised the issue of

accrued vacation leave with Defendants before she sued; and when she sued, Defendants *immediately* paid the cash amount of the accrued vacation leave to her, and made an early Offer of Judgment for the maximum amount of statutory liquidated damages. Therefore, at least the amount of, if not Plaintiff's entitlement at all to, attorneys' fees is a disputed issue yet to be resolved.[1]

Therefore, even if Defendants' liability on these two claims has been finally determined, such determination is not, and cannot be, a final order. *See Liberty Mutual Insurance Co. v. Wetzel et al*, 424 U.S. 737, 96 S. Ct. 1202, 47 L.Ed.2d 435 (1976), a unanimous Supreme Court decision, virtually "on all fours" with the present case. In *Liberty Mutual,* the Court determined that an order that constituted a grant of partial summary judgment limited to the issue of liability was not a final, appealable order. *Liberty Mutual*, 424 U.S. at 1206. Specifically, the Court held, "[W]here assessment of damages or awarding other relief remains to be resolved, [such judgments] have never been considered to be 'final' within the meaning of 28 U.S.C. Sec. 1291." *Id.* An appellate court will not usually review a trial court's liability decision when the amount of damages is yet to be determined. *Consolidated Edison Co. of New York, Inc. v. F.E.R.C.*, 998 F.2d 7 (Table) (D.C. Cir.1993).

## CONCLUSION

This Court should not enter a final order in this case, as it has simply denied Defendants' Motion for Summary Judgment in part; has not ruled in Plaintiff's favor on the issue of liability for Counts I and III; and has not ruled on the issue of damages, if any, under Counts I and III. Liability and damages should be resolved through a merits hearing before this Court.

---

[1] In fact, Defendants believe *they* will be entitled to costs under Rule 68, since Plaintiff will not obtain judgment in an amount exceeding the Offer of Judgment. That is, Defendant's Offer of Judgment was for the full amount Plaintiff possibly can recover; since it did not expressly include attorney's fees, Plaintiff could have still pursued her attorneys' fees claim even if she had accepted the offer.

Respectfully submitted,

**THE SELTZER LAW FIRM**

*Diane A. Seltzer*
Diane A. Seltzer, Esquire
D.C. Bar No. 434571
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015
(202) 355-9385

DATE:  April 15, 2011          dseltzer@seltzerlawfirm.com
Attorneys for Defendants Jacobson Holman, PLLC; Jacobson Holman, PLLC Profit Sharing Plan; and John C. Holman, Plan Administrator for the Jacobson Holman, PLLC Profit Sharing Plan.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2011, I caused to be served on counsel for Plaintiff, by electronic filing, a copy of the foregoing Defendants' Response to this Court's March 26, 2011 Order to Show Cause.

Denise M. Clark, Esquire
The Law Office of Denise M. Clark
1250 Connecticut Avenue, N.W.
Suite 200
Washington, DC  20036
Counsel for Plaintiff

*Diane A. Seltzer*
Diane A. Seltzer