**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **DEBRA DORSEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 09-1085 (RMC)** |
| | ) | |
| **JACOBSON HOLMAN, PLLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

Debra Dorsey has prevailed in this litigation on a claim for profit sharing under an

ERISA plan[1] and a claim under the D.C. Wage Payment and Collection Law, D.C. Code § 32-1303.

Both statutes contain fee shifting provisions, and she now moves for attorney fees and costs.  Ms.

Dorsey's claims for COBRA benefits[2] and for retaliation and interference with FMLA and

DCFMLA[3] rights were dismissed.  Defendants seek leave to file a motion for attorney fees and costs

on those claims.  As explained below, Ms. Dorsey's motion will be granted and Defendants' motion

will be denied.

---

[1] "ERISA" is the Employee Retirement Income Security Act of 1974,  29 U.S.C. §§ 1001,
*et. seq.*

[2] Part 6 of Title I ERISA, 29 U.S.C. §§ 1161-1166, and parallel provisions of the Internal
Revenue Code, 26 U.S.C. § 4980B, were enacted as part of the Consolidated Omnibus Budget
Reconciliation Act of 1985 ("COBRA").  Under these provisions, a group health plan must
provide each qualified beneficiary who would lose health insurance coverage as a result of a
"qualifying event," such as termination, the option of continuing such coverage for eighteen
months by paying for it individually.

[3] FMLA is the Family Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.*, and DCFMLA is
the District of Columbia Family and Medical Leave Act, D.C. Code §§ 32-501, *et seq.*

## I. FACTS

Suffering from carpel tunnel syndrome, Ms. Dorsey took leave from her position as a secretary at the law firm of Jacobson Holman, PLLC, in order to undergo surgery on her wrists. Although the firm treated her absence as protected under the FMLA and DCFMLA and it approved an application for disability insurance, Ms. Dorsey was denied various employment benefits and was later terminated.  As a result, she filed a complaint alleging:

> Count I – failure to make a year-end contribution to the Jacobson Holman PLLC Profit Sharing Plan ("Profit Sharing Plan") on her behalf;
>
> Count II – denial of COBRA benefits through failure to recognize her right to subsidized COBRA premiums under the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, 123 Stat. 115 (2009);[4]
>
> Count III – (a) failure to pay a 2007 year-end bonus and (b) failure to pay accumulated vacation leave, both in violation of the D.C. Wage Payment and Collection Law; and
>
> Count IV – retaliation via termination of her employment and interference regarding her rights in violation of FMLA and DCFMLA.

Second Am. Compl. [Dkt. #28].  Defendants are:  Jacobson Holman, PLLC; the law firm's Profit Sharing Plan; and John C. Holman, Plan Administrator.  Ms. Dorsey prevailed on Counts I (profit sharing) and III(a) (unpaid leave) only.

Ms. Dorsey prevailed on Count I, as the Court found that Defendants breached the Profit Sharing Plan by refusing to treat Ms. Dorsey as an active employee on December 31, 2007,

---

[4]   Section 3001 of ARRA, 123 Stat. at 455-466, provides for a 65% reduction in the premium otherwise payable by an Assistance Eligible Individual who is involuntarily terminated from employment and who elects continuation of insurance coverage through COBRA.

and thereby failing to make a year-end contribution for her to the Plan.  Mem. Op. [Dkt. #43] at 8-9.

Ms. Dorsey also prevailed on her claim for unpaid leave under Count III.  Defendants agreed to pay

the amount of unpaid leave, $173.46.  *See* Notice of Offer of Judgment [Dkt. # 26].  Ms. Dorsey did

not accept the offer, but the Court awarded Ms. Dorsey damages on Count I in the amount offered,

$173.46.  The Court also awarded damages on Claim IIIa for failure to pay profit sharing in the

amount of $1100.00.  *See* Rev. Order of J. [Dkt. # 54].

Defendants prevailed on Counts II, the remainder of Count III, and Count IV.  The

Court dismissed Count II because Ms. Dorsey had not exhausted her administrative remedies at the

U.S. Department of Labor.  *See* Order [Dkt. #41] at 2.  Further, the Court granted summary judgment

to Defendants on Ms. Dorsey's claim for a bonus under Count III and her claims for retaliation and

interference under Count IV.  Mem. Op. [Dkt. #43] at 10-13.

Ms. Dorsey seeks an award of attorney fees and costs.  Defendants oppose and seek

leave to request fees and costs on the dismissal of Count II, the COBRA claim.

## II.  ANALYSIS

Ordinarily, the American Rule applies to claims for attorney fees.  *Fresh Kist Produce*

*L.L.C. v. Choi Corp. Inc.*, 362 F. Supp. 2d 118, 125 (D.D.C. 2005).  Under this Rule, each party bears

its own attorney fees, absent an explicit statutory basis for awarding fees, *id*., or absent a contractual

basis for awarding fees.  *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1312-13 (2d Cir. 1993).  Here,

statutory fee shifting provisions apply.

### A.  Entitlement to Attorney Fees Under ERISA

ERISA provides that the court may, in its discretion, allow reasonable attorney fees

and costs to either party.  29 U.S.C. § 1132(g)(1).  Factors a court should consider include: (1) the

losing party's culpability or bad faith; (2) the losing party's ability to satisfy an award; (3) the

deterrent effect of the award; (4) the value of the victory and the significance of the legal issue

involved; (5) the relative merits of the parties' positions. *Eddy v. Colonial Life Ins. Co.*, 59 F.3d

201, 206 (D.C. Cir. 1995).

Defendants contend that Ms. Dorsey should not be able to recover attorney fees for

prevailing on Count I, as Ms. Dorsey did not cite ERISA in Count I and Defendants did not

recognize that this was a claim under ERISA.  Defendants' failure to recognize that Ms. Dorsey

stated a claim under ERISA does not convert the claim to one grounded in common law or another

statute.[5]  The Second Amended Complaint alleged in its introductory paragraph that Defendants

engaged in misconduct regarding the Profit Sharing Plan by failing to comply with ERISA

contribution rules.  Second Am. Compl. at 1; *see also id*. ¶ 5 (alleging that the Profit Sharing Plan

is an employee benefit plan under ERISA).  Further, the Court found that "Defendants maintained

a Profit Sharing Plan, which was an employee benefit pension plan offered by Defendants for the

benefit of its employees.  The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§

1001, et. seq., provides employees certain rights under the Profit Sharing Plan, including

enforcement in federal court."  Mem. Op. [Dkt. #43] at 3.  Count I stated an ERISA claim.

The Court already has determined that Defendants had no legitimate defense to Ms.

Dorsey's claim for profit sharing.  The Court explained:

> Plaintiff was indeed an employee on December 31, 2007, and
> therefore was entitled to contributions to the Profit Sharing Plan on
> her behalf.  Plaintiff was absent from work because of a serious
> medical condition that Defendants admit is covered by the

---

[5] ERISA preempts any state law claim asserted to enforce rights under an employee
benefit plan.  29 U.S.C. § 1144.

> FMLA/DCFMLA. She could not be terminated during the twelve-week period after September 17, 2007, under federal law, and she could not be terminated during the sixteen-week period after September 17, 2007, under the DCFMLA, *i.e.* January 7, 2008. Further, Defendants did not consider her a non-employee, given Mr. Moskowitz's careful efforts to get her to "resign" in February 2008.
>
> Defendants just did not want to make a profit sharing contribution to Plaintiff's account, for which they give no legitimate explanation.

Mem. Op. [Dkt. #43] at 8. Having found the defense meritless, the Court necessarily found Defendants to be culpable. Defendants include a successful intellectual property law firm, its Profit Sharing Plan, and the Plan's administrator. They are able to satisfy an attorney fee award. Accordingly, attorney fees and costs will be awarded to Ms. Dorsey related to her success on Count I, the profit sharing claim under ERISA.

**B. Entitlement to Attorney Fees Under the D.C. Wage Payment and Collection Law**

Ms. Dorsey obtained a judgment for damages of $173.46 on her claim for unpaid leave under the D.C. Wage Payment Act and Collection Law. This statute provides that a plaintiff who prevails under the statute is entitled to attorney fees and costs. *See* D.C. Code §§ 32-1308.

Defendants contend that Ms. Dorsey did not in fact prevail on her claim for unpaid leave because they made a Rule 68 offer of judgment in the amount of $173.46 and she did not recover a judgment for more than that amount. They also assert that she should not receive fees or costs incurred after she rejected the offer of judgment.

The specific facts relating to this issue are as follows: On June 14, 2010, Defendants made a Rule 68 offer of judgment on Ms. Dorsey's D.C. Wage Payment Act and Collection Law claim in the amount of "$173.46 for liquidated damages, costs, and attorney fees." Notice of Offer

of Judgment [Dkt. #26].   The offer remained open for ten days.   Ms. Dorsey did not accept it and

instead sought attorney fees and costs *in addition to* the $173.46 damage award.   *See* Mem. Op. [Dkt.

# 43] at 9.   Later, the Court awarded Ms. Dorsey damages on Count III (unpaid leave) in the amount

of $173.46, "without prejudice to the parties' arguments on attorney fees."   *See* Rev. Order of J.

[Dkt. # 54].

> Rule 68 provides:
>
> (a) [A] party defending against a claim may serve on an opposing
> party an offer to allow judgment on specified terms, with the costs
> then accrued.
>
> . . . .
>
> (d)   If the judgment that the offeree finally obtains is not more
> favorable than the unaccepted offer, the offeree must pay the costs
> incurred after the offer was made.

Fed. R. Civ. P. 68.   To make a proper determination regarding whether the offer of judgment or the

judgment obtained was more favorable courts compare the offer (including costs then accrued) with

the judgment (plus costs incurred at the time of the offer of judgment).   *Marryshow v. Flynn*, 986

F.2d 689, 692 (4th Cir. 1993).   Post-offer costs should not be included.   *Id.* (citing *Marek v. Chesny*,

473 U.S. 1, 7 (1985)).

Here, Ms. Dorsey prevailed.   Although Defendants offered judgment, Ms. Dorsey did

not accept it.   She prevailed when the Court awarded partial judgment of $173.46 to her.   Further,

the judgment awarded is more favorable than the unaccepted offer.   Defendants offered a total of

$173.46, not $173.46 *plus costs and attorney fees*.   The Court awarded damages of $173.46, but has

not yet awarded costs or attorney fees.  Because Ms. Dorsey is entitled to an award of costs and fees,[6]

the judgment obtained is more favorable than the unaccepted offer.  Also, because the judgment

awarded is more favorable than the unaccepted offer, Ms. Dorsey may also recover post-offer fees

and costs.

### C.  Attorney Fees and Costs

*1.  Legal Standards*

"The usual method of calculating reasonable attorneys' fees is to multiply the hours

reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar'[7] amount."

*Bd. of Trs. of Hotel & Restaurant Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir.

1998).  The fee applicant bears the burden of demonstrating that the claimed rate and number of

hours are reasonable.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Covington v. Dist. of Columbia*,

57 F.3d 1101, 1107 (D.C. Cir. 1995).

Fee applications must "include contemporaneous time records of hours worked and

rates claimed, plus a detailed description of the subject matter of the work with supporting

documents, if any." *In re Donovan*, 877 F.2d 982, 994 (D.C. Cir. 1989).  A fee applicant may satisfy

its burden of demonstrating that its time was reasonably spent by submitting "'sufficiently detailed

information about the hours logged and the work done' that permits the district court to 'make an

independent determination whether or not the hours claimed are justified.'" *Cobell v. Norton*, 231

---

[6] Even an award of $1.00 in costs would result in a judgment more favorable than the
offer.

[7] The "lodestar" approach to fee awards was established by the Supreme Court in *Hensley
v. Eckerhart*, 461 U.S. 424 (1983), and is the approach followed by the federal courts in most fee
award disputes.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).

F. Supp. 2d 295, 306 (D.D.C. 2002) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).   The application need not, however, "present the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney."  *Cobell*, 231 F. Supp. 2d at 306.  The billing descriptions can be read in context, with clarification coming from surrounding billing entries as well as the docket.  *Heard v. District of Columbia*, Civ. No. 02-296 (CKK), 2006 WL 2568013, at *14-15 (D.D.C. Sept. 5, 2006).

        *2. Hourly Rates*

        Ms. Dorsey indicates that she seeks attorney fees based on hourly rates under the *Laffey* Matrix.[8]  The *Laffey* Matrix was developed by the United States Attorney's Office for the District of Columbia to track prevailing attorneys' hourly rates for complex federal litigation.  It "creates one axis for a lawyer's years of experience in complicated federal litigation and a second [axis] for rates of compensation."  *Griffin v. Wash. Convention Ctr.*, 172 F. Supp. 2d 193, 197 (D.D.C. 2001).  The *Laffey* Matrix provides the prevailing market rates for complex federal litigation in the District of Columbia.  *Covington*, 57 F.3d at 1109.  Defendants contend that this was not complex litigation and *Laffey* rates do not apply.  *See McClam v. Dist. of Columbia*, 808 F. Supp. 2d 184, 189-90 (D.D.C. 2011) (where litigation under IDEA, 20 U.S.C. § 1400 et seq., was not novel or complex, *Laffey* rates did not apply).

        The Court need not decide here whether to apply *Laffey* rates, because, in fact, Plaintiff seeks hourly rates that are lower than *Laffey* rates.  Plaintiff's counsel, Denise Clark, is an

---

[8] *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *as modified by Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988).

attorney with twenty years of experience.[9]  The *Laffey* hourly rate for an attorney with twenty years

of experience was $465 in 2009-10 and $475 in 2010-11.  Ms. Clark billed Plaintiff $395 per hour

for her work on this case from 2009-2011.  This rate is reasonable for counsel with 20 years of

experience in a hotly contested ERISA matter.

### 3. Calculation of Fees

Ms. Dorsey seeks an award of attorney fees for seventy-three hours at the rate of $395

per hour ($28,835) plus a consultation fee of $250, for a total of  $29,085.00.[10]  In support of the

claim, Ms. Dorsey filed the declaration of her counsel, Denise Clark.  *See* Pl.'s Mot. for Costs and

Fees [Dkt. #58], Ex. 2 ("Decl. of Clark"); Pl.'s Reply [Dkt. # 62], Ex.1 ("Addendum to Clark

Decl.").  Detailed billing records are attached to Ms. Clark's Declaration.  Defendants complain

generally that Plaintiff's counsel spent too much time on various tasks and that too many fees are

designated for  claims on which Plaintiff prevailed versus claims on which Plaintiff did not prevail.

Defendants assert that the apportionment is "implausible" and "unsupportable."  Def.'s Opp'n [Dkt.

# 61] at 13.

Defendants' objections are totally subjective.  After reviewing the billing records, the

Court takes a different view.  The records submitted are sufficient to determine that the time was

reasonably spent and that the time charged for the claims on which Plaintiff prevailed was properly

---

[9] Defendants complained that Plaintiff's counsel failed to submit a *curriculum vitae* and that she failed to describe her legal experience.  Counsel cured these defects in an addendum to her declaration.  *See* Pl.'s Reply [Dkt. # 62], Ex.1 ("Addendum to Clark Decl.")

[10] Ms. Clark asserted in her original declaration that she was assisted by attorney James Cassell, a 2009 law school graduate at the hourly rate of $225.  However, she did not assert that he spent time on claims on which Plaintiff prevailed and the invoices submitted do not show any charges attributable to the profit sharing or unpaid leave claims for work done by Mr. Cassell. No award will be made for Mr. Cassell's time.

segregated from the time spent on claims on which Plaintiff did not prevail.  Fees will be awarded

in the amount of $29,085.00.

### 4. Calculation of Costs

Plaintiff also seeks costs in the amount of $2,450.14.  *See* Pl.'s Reply at 10;

Addendum to Clark Decl.  Defendants object to service of process fees, asserting that they are too

high and that they are attributable to re-service due to Plaintiff's improper service.  Service of

process fees are properly charged in a bill of costs.  LCvR 54.1(d).  Even though Defendants object

to the rate, that is the amount Plaintiff paid.  Costs will be awarded in the amount of  $2,450.14.

### D.  Defendants' Request for Attorney Fees

Defendants failed to petition timely for attorney fees.  A petition for attorney fees

must be filed within 14 days of the entry of final judgment.  *See* Fed. R. Civ. P. 54(d).  Final

judgment was entered on June 17, 2011.  *See* Rev. Order of J. [Dkt. # 54].  Realizing they missed

the deadline, on July 15, 2011, Defendants moved for leave to file a motion for attorney fees.

Defendants assert that while they expected Ms. Dorsey to file a *de minimus* motion for fees under

the D.C. Wage Payment Act and Collection Law, they did not comprehend that Ms. Dorsey's claim

for profit sharing was an ERISA claim for which they might be liable for a substantial amount of

attorney fees.  Defendants have now determined that it would be to their benefit to move for fees

relating to the dismissal of Ms. Dorsey's other ERISA claim, *i.e.*, the claim for COBRA benefits in

Count II.

Defendants have failed to show good cause for their failure to move timely for

attorney fees.  As explained above, there is no excuse for Defendants' failure to comprehend that the

profit sharing claim, Count I of the Second Amended Complaint, was an ERISA claim.  Moreover,

even if the Court were to grant Defendants leave to late file a motion for attorney fees, the motion

would be denied.  Under ERISA, a fee claimant must show "some degree of success on the merits"

before a court may award attorney fees.  *Hardt v. Reliance Std. Life Ins. Co.*, 130 S. Ct. 2149, 2158

(2010).  Defendants did not prevail on the merits with regard to the COBRA claim.  The Court

dismissed Count II because Ms. Dorsey had not exhausted her administrative remedies at the U.S.

Department of Labor.  *See* Order [Dkt. #41] at 2.  Accordingly, Defendants' motion for leave to file

a petition for attorney fees and costs will be denied.

### III.  CONCLUSION

For the reasons explained above, Plaintiff's motion for attorney fees and costs [Dkt.

#58] will be granted.  Further, Defendants' motion for leave to file  a petition for attorney fees and

costs [Dkt. #59] will be denied.  A memorializing Order accompanies this Memorandum Opinion.


Date:   March 30, 2012                                    /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge